UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO ANTONIO ORTEGA, *individually* and on behalf of all other employees similarly situated<br><br>*Plaintiff*,<br><br>-v-<br>THE MATILDA GOURMET DELI INC. (DBA GREEN GOURMET DELI), DE REIMER FOOD CORP. (DBA DE REIMER GOURMET DELI & GRILL), NEREID GOURMET DELI INC, GREEN ARROW GOURMET DELI CORP., OMAR TAREB, SAM TAREB AND MOIMER MALIK MOHAMMED TAREB.<br><br>*Defendants*. | **1:21-cv-10212-LGS**<br>**[PROPOSED] DEFAULT JUDGMENT** |

This action was commenced on December 1, 2021 (Docket # 1) Summons were issued for individual defendant on January 20, 2022 (Docket # 5). Service was then made on the defendant on January 27, 2022 (Docket #9).

To date, no defendant has answered the Complaint or otherwise appeared or moved, and the Clerk of this Court has certified the default of Defendants (Docket 18) The time for answering the Complaint having expired, it is

NOW, on motion of Plaintiff, by his attorney Stillman Legal PC., It is hereby ORDERED, ADJUDGED AND DECREED:

that, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff has judgment ~~That the Plaintiff have judgment jointly and severally~~ against the Defendant THE MATILDA GOURMET DELI INC. (DBA GREEN GOURMET DELI), DE REIMER FOOD CORP. (DBA DE REIMER GOURMET DELI & GRILL), NEREID GOURMET DELI INC, GREEN ARROW GOURMET DELI CORP., OMAR TAREB, SAM TAREB AND MOIMER MALIK MOHAMMED TAREB, in ~~the GRAND amount of $ 98,220.00 which include (A) liquidated damages for unpaid minimum and overtime wages in the amount of $ 44,110.00 (B) unpaid minimum and overtime wages in the amount of $ 44,110.00 (B) statutory damages for violation of New York Labor Law §193 and §195 in the amount of $5,000 (C) statutory damages for violation of New York Labor Law § 191 in the amount of $5,000. (D)~~

~~That the Plaintiff is awarded attorney's fees in the amount of $5,897.00 (E)~~ amounts to be determined by post-default judgment inquest.

~~That if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).~~

The Complaint alleges that Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, the New York Minimum Wage Act and the overtime, spread-of-hours, notice and recordkeeping, and wage statement provisions of the New York Labor Law.  Except with respect to the spread-of-hours claim, the Complaint sufficiently pleads these claims to establish liability as a matter of law. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law."). The Complaint adequately alleges that Defendants willfully failed to pay Plaintiff the applicable hourly rate, willfully failed to pay Plaintiff overtime compensation and failed to provide Plaintiff with written notice of his rate(s) of pay and/or dates of work covered by any payments received.  The Complaint does not adequately allege that Defendant failed to pay one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff spread of hours exceeded ten hours, because the Complaint does not allege any day on which Plaintiff's spread of hours exceeded ten hours.

An order referring the case for a damages inquest will issue separately.

Dated: September 23, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE