```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MARCO ANTONIO ORTEGA,                                        :
                              Plaintiff,                     :
                                                             :       21 Civ. 10212 (LGS)
           -against-                                         :
                                                             :              ORDER
THE MATILDA GOURMET DELI INC, et al.                         :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 28, 2022, the Clerk of Court entered a Certificate of Default as to Defendants.

WHEREAS, on September 26, 2022, the matter was referred to Magistrate Judge Katharine H. Parker for an inquest on damages.

WHEREAS, on January 19, 2023, Judge Parker issued a Report and Recommendation (the "Report") recommending that a default judgment be entered in Plaintiff's favor against Defendants The Matilda Gourmet Deli Inc., De Reimer Food Corp., Nereid Gourmet Deli Inc., Green Arrow Gourmet Deli Corp., Omar Tareb, Sam Tareb and Moimer Malik Mohammed Tareb, and that Plaintiff be awarded, for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"): (1) $1,680 in unpaid minimum wages, (2) $38,890 in unpaid overtime wages, (3) $40,570 in liquidated damages (equal to the sum of the minimum wage and overtime wage awards), (4) $10,000 in statutory damages, (5) prejudgment interest on a principal amount of $40,570 at the rate of 9% per annum from November 23, 2018 -- the approximate midpoint of Defendant's employment within the six-year statute of limitations

period under the NYLL[1] -- until the date of judgment and (6) post-judgment interest at the federal rate set forth in 28 U.S.C. § 1961 from the date judgment is entered until the date it is paid.  The Report also recommends an award of Plaintiffs' attorneys' fees in the amount of $5,897.50.  The Report does not recommend an award of costs, notwithstanding 29 U.S.C. § 216(b) and NYLL § 663(1), because no request for costs was made.

WHEREAS, the Report states that the parties "shall have fourteen days, from service of this Report and Recommendation to file written objections," and "[a] party may respond to another party's objections" within fourteen days "after being served with a copy."  Pursuant to Federal Rule of Civil Procedure 6(d), those deadlines would be extended for three days if service were effected by one of the means listed in Rule 5(b)(2)(C), (D) or (F), including by mail to a party's last known address.

WHEREAS, Plaintiff's Certificate of Service at Dkt. No. 94 confirms the Defendants were served on January 20, 2023, by mail.

WHEREAS, no objections were timely filed and Defendants did not appear at any point in the damages inquest proceedings.

WHEREAS, in reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Flinton v. Saul*, No. 19 Civ. 2054, 2020 WL 5634321, at *1 (S.D.N.Y. Sept.

---

[1] The statute of limitations under FLSA is three years where, as here, the defendants' conduct is alleged to have been willful.  29 U.S.C. § 255(a).  Because NYLL and FLSA claims generally are analyzed using the same framework, and Plaintiff was employed for more than three years, the Report appropriately applied the state statute of limitations.

21, 2020) (quoting *Jones v. Berryhill*, No. 18 Civ. 11233, 2020 WL 1503507, at *1 (S.D.N.Y. Mar. 30, 2020)).

WHEREAS, the Court finds the Report to be thorough, well-reasoned, and not "clearly erroneous," with one small exception.  It is hereby

**ORDERED** that the Report is **adopted in part** and **adopted as modified in part** as follows:  The award of unpaid minimum wages is reduced from $1,680 to $1,000; the award of unpaid overtime wages is reduced from $38,890 to $38,800; and the award of liquidated damages is reduced to match the sum of those amounts, from $40,570 to $39,800.  The adjustments arise from two issues.  First, the Report states that, for the first six weeks of 2018, there was a $2.50 differential between Plaintiff's hourly rate of $10 and the applicable minimum wage for small employers.  The minimum wage for small employers in New York City, from December 31, 2017, until December 30, 2018, was $12.00, NYLL § 652(1)(a)(ii), so the differential between Plaintiff's pay and the minimum wage was only $2.00.  Second, the Report calculated Plaintiff's unpaid minimum wages based on Plaintiff's full sixty-hour workweek.  That results in double-counting, because the full underpayment of Plaintiff's wages for all hours after the first forty was included already in the calculation of Plaintiff's unpaid overtime wages, since unpaid overtime wages were calculated by multiplying 1.5 times the minimum wage rate -- not Plaintiff's actual wage rate.  *See Rosendo v. Everbrighten Inc.*, No. 13 Civ. 7256, 2015 WL 1600057, at *3-4 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015) (calculating unpaid minimum wages using the difference between plaintiff's hourly wage and the minimum wage "[m]ultiplied by the first forty hours [plaintiff] worked each week" and then separately calculating unpaid overtime wages on hours

3

worked beyond forty).  Recalculating Plaintiff's unpaid wages after making those adjustments yields the amounts above.

      **ORDERED** that Plaintiff is awarded $89,600, plus pre-judgment interest to be calculated by the Clerk of Court at the rate of 9% per annum from November 23, 2018, until the date judgment is entered, and post-judgment interest, to be calculated from the date judgment is entered until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.  Plaintiff is awarded attorneys' fees in the amount of $5,897.50.  It is further

      **ORDERED** that Default Judgment against Defendants is entered.  The Clerk of Court is respectfully directed to enter judgment and close this case.

Dated: February 9, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4